IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DEBORRAH SKAGGS,** | § | |
|    Plaintiff , | § | |
| | § | |
| | § | **Civil Action No. 4:16-cv-227** |
| | § | |
| | § | |
| **VAN ALSTYNE INDEPENDENT SCHOOL DISTRICT,** | § | |
|    Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Deborrah Skaggs (hereinafter "Plaintiff"), and files this her Original Complaint and Jury Demand against Van Alstyne Independent School District (hereinafter "Defendant") concerning certain grievances arising under the Age Discrimination and Employment Act of 1967, as amended ("ADEA") and Chapter 21 of the Texas Labor Code. In support thereof, Plaintiff respectfully states as follows:

### I.
### JURISDICTION AND VENUE

1. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C § 1331 and 1343(a)(4). The Court has original jurisdiction. The Court has supplemental jurisdiction over Plaintiff's claims under the Texas state law because those claims are so related to claims in the action with the Court's original jurisdiction such that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

2. Personal jurisdiction exists generally over Defendant because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas, Sherman Division.

3. Actions giving rise to this lawsuit took place on campuses of the Defendant located in the Eastern District of Texas, Sherman Division.

4. Venue is proper in this district under 28 U.S.C. § 1391(a)-(d).

## II.
## PARTIES

5. Plaintiff is a female individual who is over 40 years old and who is a resident of Grayson County, Texas.

6. Defendant is a Texas public school district located in Van Alstyne, Texas and may be served with process by serving its Superintendent, John Spies, at 549 Miller Lane, Van Alstyne, Texas 75495.

7. Defendant is an employer within the meaning of 29 U.S.C. §621 *et seq.* and the Texas Labor Code, Chapter 21 *et seq.*

## III.
## FACTUAL BACKGROUND

8. Plaintiff is a former employee of Defendant who worked as a teacher at Van Alstyne Middle School in Van Alstyne, Texas.

9. Plaintiff worked for Defendant from August 1998 until June 2015.

10. Plaintiff taught in Arizona prior to coming to work for Defendant in 1998.

11. Plaintiff enjoyed teaching and planned to teach five to ten more years before retiring.

12. Plaintiff was 62 years old at the time her employment with Defendant ended.

13. Plaintiff was subject to a hostile work environment created by her Principal, Ryan Coleman, and Superintendent, John Spies, both employees of Defendant.

14. Ryan Coleman became principal of Van Alstyne Middle School in 2010.

15. John Spies became superintendent of Van Alstyne Independent School District in May of 2011.

16. Plaintiff routinely received glowing Observation Summaries (OS) and Summative Annual Appraisals (SAA) until Spies took the job of superintendent.

17. Plaintiff's SAA in Spring of 2011 was performed by Principal Ryan Coleman.

18. Plaintiff received scores in the range categorized as "Exceeds Expectations" in each of the appraised "Domains" in her Spring 2011 SAA.

19. In Spring of 2012, Principal Ryan Coleman met with Plaintiff at the end of a school day as she was preparing for the next day's lessons. Coleman questioned Plaintiff about her family and the time she spends with them.

20. In the same meeting in Spring 2012 Coleman specifically asked Plaintiff if she had ever thought about retiring. He specifically asked how much she would be drawing from her pension if she retired. He suggested that she should retire to spend more time with her family.

21. Plaintiff's SAA in Spring 2012 was performed by Principal Ryan Coleman.

22. Plaintiff received slightly lower scores in her Spring 2012 SAA than in her Spring 2011 SAA.

23. Plaintiff was first put on an Intervention Plan for Teacher in Need of Assistance ("Growth Plan") in Fall of 2012.

24. Plaintiff was put on a Growth Plan each year following the 2011-12 school year.

25. Plaintiff was subject to intense scrutiny under Coleman and Spies.

26. Plaintiff was subject to six walk-through observations in a six week period in Fall of 2012. Teachers working for Defendant typically receive two to three walk-throughs per semester.

27. Plaintiff's OSs and SAAs became increasingly critical and her scores were lower each year after Spies became superintendent.

28. Principal Coleman became increasingly more critical each year after Spies became superintendent.

29. Plaintiff's Growth Plans became increasingly onerous each year under Coleman and Spies.

30. Plaintiff's SAAs under Coleman and Spies did not justify the specific criticisms and tasks assigned in Plaintiff's Growth Plan.

31. Plaintiff's Growth Plans often contradicted the comments and scores found in her SAAs.

32. Plaintiff's Growth Plan for the 2014-15 school year was overly complicated, contradictory to her Spring 2014 SAA, and constantly shifting in focus.

33. Plaintiff was required to perform tasks that younger, less experienced teachers were not.

34. Coleman repeatedly suggested Plaintiff abandon her "old" methods and adopt "new" methods of teaching.

35. Coleman was unclear in his directives regarding "new" teaching methods.

36. Coleman often required Plaintiff to use her conference periods to meet with him or observe other teachers leaving her little time to prepare her lessons and work to implement his suggested methods.

37. Coleman's use of conference periods was in violation of the Texas Education Code and Defendant's own policies.

38. Plaintiff was injured on the job in October of 2014. Plaintiff's doctor's restrictions included, among others, no excessive writing and no overhead reaching or use of arm.

39. Coleman penalized Plaintiff in his 2014-15 observations for not performing certain writing tasks, including excessive paperwork and writing on the whiteboard in her classroom.

40. Plaintiff was forced to miss work occasionally for doctors' appointments and other medical treatment during the 2014-15 school year. She used her personal time or sick days or was docked in pay.

41. Coleman was critical of Plaintiff in a February 2015 observation on a day that she was out for medical reasons and the lesson was being performed by a substitute.

42. Other, younger, less experienced teachers were not subject to the intense scrutiny at the time Plaintiff was subject to such discrimination.

43. Other, younger, less experienced teachers had their contracts renewed at the time Plaintiff was subject to discriminatory termination.

44. After suffering a hostile work environment, discrimination, disparate treatment, and retaliation, Plaintiff was informed in February 2015 that her contract would not be renewed for the 2015-16 school year.

45. Coleman suggested that Plaintiff retire or resign in lieu of termination.

46. Plaintiff appealed her termination to Defendant's board of directors in April 2015.

47. Plaintiff told Defendant's board that she believed she was being discriminated against based on her age.

48. Defendant's board upheld the non-renewal of Plaintiff's contract and thus terminated her employment with the Defendant.

49. Plaintiff filed a timely joint complaint of discrimination with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission.

50. Plaintiff received her right to sue letter on February 4, 2016.

## IV.
### CAUSES OF ACTION

**A.  AGE DISCRIMINATION UNDER THE ADEA AND TEXAS LABOR CODE**

51. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 50 as if fully stated herein.

52. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claims under the ADEA and the TCHR.

53. Defendant's actions, including but not limited to the ultimate discharge of Plaintiff, were undertaken because of her age. These actions constituted a continuing violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. and the Texas Commission on Human Rights Act, TEX LAB CODE §21.001, et seq.

54. Due to Defendant's actions, including but not limited to Plaintiff's ultimate discharge, Plaintiff has suffered, and continues to suffer, damages including, but not limited to, lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, medical conditions and expenses related to stress, and loss of enjoyment of life.

55. Defendant's actions referenced in paragraphs 1-50 were willful, entitling Plaintiff to liquidated damages under the ADEA.

56. Defendant's actions referenced in paragraphs 1-50 were intentional, malicious, and committed with reckless indifference to Plaintiff's state-protected rights, entitling her to compensatory and punitive damages under the Texas Labor Code Chapter 21.

57. Defendant's actions referenced in paragraphs 1-50 have caused Plaintiff to seek representation by the undersigned counsel and Plaintiff hereby seeks her reasonable attorneys' fees, expert's fees, and costs as provided for under the ADEA and Texas Labor Code.

B. **RETALIATION UNDER THE ADEA AND TEXAS LABOR CODE**

58. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 24 as if fully stated herein.

59. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claims of retaliation under the ADEA and the TCHR.

60. Defendant's retaliatory actions, including but not limited to the ultimate discharge of Plaintiff, were undertaken because of her protected activity in having reported acts of discrimination to Defendant. These actions constituted a continuing violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. and the Texas Commission on Human Rights Act, TEX. LAB. CODE §21.001, et seq.

61. Due to Defendant's actions, including but not limited to Plaintiff's constructive discharge, she has suffered, and continues to suffer, damages including, but not limited to, lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

62. Defendant's actions referenced in paragraphs 1-50 were willful, entitling Plaintiff to liquidated damages under the ADEA.

63. Defendant's actions referenced in paragraphs 1-50 were intentional, malicious, and committed with reckless indifference to Plaintiff's state-protected rights, entitling her to compensatory and punitive damages under the Texas Labor Code Chapter 21.

64. Defendant's actions referenced in paragraphs 1-50 have caused Plaintiff to seek representation by the undersigned counsel and Plaintiff hereby seeks her reasonable attorneys' fees, expert's fees, and costs as provided for under the ADEA and Texas Labor Code.

## V.
### JURY DEMAND

65. Plaintiff hereby demands a jury trial on all issues, claims, actions, and defenses against Defendant.

## VI.
### PRAYER

**WHEREFORE**, Plaintiff respectfully requests that the above-named Defendant be cited to appear in this matter and that, after jury trial by proof, Plaintiff be awarded:

a. Back pay, including but not limited to, lost wages (salary, bonuses, and commissions) and other employment and fringe benefits;

b. Reinstatement, or in the event that reinstatement is not feasible, front pay with respect to all pay and benefits Plaintiff would have received but for termination;

c. Actual damages;

d. Punitive and/or exemplary damages;

e. Liquidated damages in the maximum amount allowed by law;

f. Prejudgment and post-judgment interest as allowed by law;

g. Mental anguish and other compensatory damages;

h. Attorneys' fees, expert fees and costs of suit;

i. Injunctive relief prohibiting Defendant from continuing to engage in discriminatory and retaliatory practices;

j. Such other and further legal and/or equitable relief to which Plaintiff may be justly entitled, as this court may deem proper.

Respectfully submitted,

/s/ Brandon S. Shelby
**BRANDON S. SHELBY**
State Bar. No. 24046829
BShelby@ShelbyLawPLLC.com
**SHELBY LAW, PLLC**
PO Box 1316
Sherman, TX 75091
903-357-5101 – Phone
903-357-5102 – Fax
**ATTORNEY FOR PLAINTIFF**
**DEBORRAH SKAGGS**